**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

WILMER EXALON IZAGUIRRE SANCHEZ,

Petitioner,

v. CIVIL ACTION NO. 3:26-0641

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**ORDER**

Pending before the Court is an Amended Petition for Habeas Corpus relief filed by Petitioner **Wilmer Exalon Izaguirre Sanchez**. ECF No. 10.

Petitioner failed to appear at a removal proceeding on September 1, 2026, and an *in absentia* removal order was entered. Am. Pet. ¶ 18. Petitioner was then arrested on the morning of October 3, 2026, within the interior of the United States, in or around Teays Valley, West Virginia, following a traffic stop. *Id.* ¶ 17. The initial Petition was initially entered around 12:41 PM the

same day. *See* Pet., ECF No. 1. A motion to reopen Petitioner's removal proceedings was later filed on October 12, 2026. Am. Pet. ¶ 19; *see* Ex. A to Am. Pet., ECF No. 10-1.

Petitioner alleges that "[f]ollowing the filing of his motion to reopen, 8 U.S.C. § 1226(a) governs [his] detention." Am. Pet. ¶ 5. However, "[his] current civil confinement is maintained without any individualized determination of flight risk, danger to the community, or the availability of conditions of release" in violation of "the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment." *Id.* at 3.

In response, Respondents assert "the Petitioner is detained pursuant to 8 U.S.C. § 1231 because he is subject to an administratively final order of removal[.]" Resp. at 2, ECF No. 12. They further assert that "[t]he filing of a motion to reopen, by statute, stays execution of the removal, but it does not affect the finality of the order." *Id.* at 3. Moreover, they claim that "there is no statutory or automatic stay of the execution of the order if the decision to deny the motion to reopen is appealed to the [BIA] or the circuit court of appeals." *Id.*

In reply, Petitioner asserts that "[t]he text, structure, and context of the Immigration and Nationality Act indicate that 8 U.S.C. § 1226(a), not § 1231, applies to the individuals with motions to reopen *in absentia* removal orders that remain subject to agency review." Reply at 1, ECF No. 13. They further assert that "the pendency of a motion to reopen an *in absentia* order renders that order non-final[.]" *Id.* at 3. Moreover, they point to language prefacing the removal order itself, which states that "[t]his decision is final unless a Motion to Reopen is filed in accordance with . . . 8 U.S.C. § 1229a(b)(5)(c)[.]" *Id.* at 2; *see* Ex. 1 to Resp. at 7, ECF No. 6-1.

The Court finds that Petitioner's motion to reopen has rendered his *in absentia* removal order subject to agency review. Thus, in in a statutory framework that "ties finality to agency

review," his *in absentia* removal order is not final. *See Riley v. Bondi*, 606 U.S. 259, 267 (2025); *see also Lopez-Sorto v. Garland*, 103 F.4th 242, 250 (4th Cir. 2024).

Moreover, without an administratively final order, there is no active removal period to justify detention under 8 U.S.C. § 1231(a)(2)(A). Hence, his detention may only be justified under 8 U.S.C. § 1226(a), "pending a decision on whether [he] is to be removed from the United States." *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1060 (9th Cir. 2008). However, without an individualized custody determination, detention under § 1226(a) is improper. *See Mendoza v. Venturella*, No. CV 3:26-0662, 2026 WL 3270029 (S.D.W. Va. Oct. 30, 2026). Here, no individualized custody determination took place, so release is the proper remedy. *See Carcamo Lopez v. Venturella*, No. CV 3:26-0674, 2026 WL 3320329 (S.D.W. Va. Nov. 3, 2026).

Accordingly, the Amended Petition, ECF No. 10, is **GRANTED**, and Respondents' Motion to Dismiss, ECF No. 12, is **DENIED**. A memorandum opinion will shortly follow.

Respondents are **ORDERED** to **PROMPTLY RELEASE** Petitioner **Wilmer Exalon Izaguirre Sanchez**, no later than **Wednesday, November 11, 2026, at 5:00 PM** in Huntington, WV, at the sidewalk at the front entrance of the federal courthouse on 5th Avenue. Respondents are **DIRECTED** to provide reasonable notice of at least three (3) hours to Petitioner's counsel of the anticipated time and place of Petitioner's release. Respondents are **ORDERED** to facilitate the prompt return of all property seized incident to Petitioner's detention, including legal documents. Respondents shall file a notice of compliance with the Court.

If Petitioner would like to request an alternative time and location of release, he shall do so no later than **Today, November 10, 2026, at 4:00 PM**. Accordingly, Respondents shall facilitate a phone call between Petitioner and his counsel no later than **Today, November 10, 2026, at 3:00 PM**. *See also* Order to Show Cause at 3, ECF No. 5.

The Court further **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1231 absent an administratively final removal order subject to the statutory definition of 8 U.S.C. § 1101(a)(47)(B) and only in compliance with § 1231(a)(1)(B). Respondents are also **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1226(a) absent adequate notice and an adequate opportunity to be heard, consistent with due process. Respondents are **PERMANENTLY ENJOINED** from imposing any conditions or restraints on Petitioner's liberty (including but not limited to an ankle monitor, curfew, or electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 10, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE